**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

**DEBBIE PHILLIPS**                                                                                          **PLAINTIFF**

**V.**                                     **CASE NO. 1:19-CV-34-BD**

**ANDREW SAUL, Commissioner,
Social Security Administration**[1]                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction:**

On May 23, 2017, Debra Phillips[2] applied for disability benefits, alleging disability beginning on July 1, 2016. (Tr. at 10) Ms. Phillips' claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, an Administrative Law Judge (ALJ) denied the application. (Tr. at 20) Ms. Phillips requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the Commissioner's final decision.

Ms. Phillips filed this case seeking judicial review of the decision denying her benefits. For the reasons stated below, the Court reverses and remands the decision of the Commissioner.[3]

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to FED. R. CIV. P. 25(D), Mr. Saul is automatically substituted as the Defendant.

[2] Plaintiff Debbie Phillips is referred to throughout the Social Security transcript as Debra Phillips.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge. (Doc. No. 9)

**II.     The Commissioner's Decision:**

The ALJ found that Ms. Phillips had not engaged in substantial gainful activity since January 4, 2017, and that she had the following severe impairments: irritable bowel syndrome (IBS), history of surgeries for endometriosis, and migraines.[4] (Tr. at 12) After finding that Ms. Phillips' impairments did not meet or equal a listed impairment (*id.*), the ALJ determined that Ms. Phillips had the residual functional capacity (RFC) to perform light work with limitations as defined in 20 C.F.R. § 404.1567(b). (Tr. at 13) Additionally, she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and/or crawl; she would need a sit/stand option every 30 minutes for position change; and her work must be unskilled. *Id.*

The ALJ found, based on Ms. Phillips' RFC, she was unable to perform any past relevant work. (Tr. at 18) The ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Ms. Phillips' age, educational background, work history, and RFC, that she was capable of performing work in the national economy as a storage facility rental clerk and price tag ticketer. (Tr. at 19-20) Thus, the ALJ determined that Ms. Phillips was not disabled. (Tr. at 20)

**III.     Discussion:**

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are free from legal error and supported by substantial evidence. *Swink v. Saul*, 931 F.3d 765, 769

---

[4] At the hearing before the ALJ, the alleged disability onset date was amended from July 1, 2016 to January 4, 2017. (Tr. at 39)

(8th Cir. 2019). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of law." *Lucus v. Saul*, __ F.3d __, __, 2020 WL 2892228, at *2 (8th Cir. June 3, 2020) (quoting *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011)). "Substantial evidence" in this context means enough that "a reasonable mind would find it adequate to support the ALJ's decision." *Id*. (citing *Ash v. Colvin*, 812 F.3d 686, 689 (8th Cir. 2016)).

B.  Ms. Phillips' Arguments on Appeal

Ms. Phillips argues that substantial evidence does not support the ALJ's decision to deny benefits. She maintains that the ALJ erred by failing to properly assess the treating physician's opinion and by failing to consider her long work record.

C.  Decision

1.  *Medical Opinions*

Ms. Phillips first asserts that the ALJ erroneously rejected the opinion of her treating physician, Dr. Vonda Houchin, in determining her RFC. She contends that the ALJ's opinion does not satisfy the articulation requirement under the Commissioner's new regulations regarding the evaluation of medical opinions and that the opinion is not supported by substantial evidence.

Claims filed after March 27, 2017, such as Ms. Phillips', are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the new regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from treating physicians. 20 C.F.R. § 404.1520c(a).  Instead, ALJs will determine the persuasiveness of

3

each medical source or prior administrative medical findings based on supportability; consistency; relationship with the claimant; specialization; and any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). ALJs are required to "explain" their decisions as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" a medical opinion is with evidence from other medical and non-medical sources, the more persuasive the opinion should be. 20 C.F.R. § 404.1520c(c)(1)-(2).

The new articulation requirements are meant to "provide individuals with a better understanding of [the Commissioner's] determinations and decisions" and "provide sufficient rationale for a reviewing adjudicator or court." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017). As such, "[i]n most situations, [ALJs] should also explain how [they] considered the remaining factors to provide the claimant and subsequent reviewers with a full understanding of [their] analysis of the evidence." Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030.

> Regarding Dr. Houchin's opinion, the ALJ found:
>
> Dr. Houchin's medical opinion is not persuasive because he [sic] provides no supporting explanation for his opinion. Dr. Houchin opined that the claimant could not take her medications and work; therefore, she could not complete a job [Tr. at 467-472]. However, it is the conclusion of the undersigned that the opinion is inconsistent with the evidence from other medical and non-medical sources as well as the progress reports after a consultation.

(Tr. at 18).

While the ALJ commented on the persuasiveness of Dr. Houchin's opinion, the ALJ failed to properly *explain* why. "While an ALJ's explanation need not be exhaustive, boilerplate or blanket statements will not do." *Lucus,* 2020 WL 2892228, at *3 (internal quotations omitted).

In the medical opinion at issue, Dr. Houchin opined that Ms. Phillips could: lift and carry less than 10 pounds on either a frequent or occasional basis; stand and walk about four hours a day for one hour at a time; and sit about two hours a day for 30 minutes at a time. (Tr. at 467) Additionally, Ms. Phillips would need frequent rest breaks, the opportunity to shift at will from sitting to standing or walking, and would miss three or more days per month due to her impairments. (Tr. at 468) As objective medical evidence to support her findings, Dr. Houchin cited Ms. Phillips' history of over 11 endometriosis surgeries and surgical mesh that caused pain in her right hip and back. (Tr. at 469)

It is unclear from the ALJ's opinion how Dr. Houchin's opinion was unsupported by objective medical evidence or explanations. Although Dr. Houchin did not provide extensive explanations on the checkbox medical source statement form, the ALJ is required to view Dr. Houchin's opinion in the context of Ms. Phillips' entire medical record. *Despain v. Berryhill*, 926 F.3d 1024, 1028 (8th Cir. 2019) (citing *Cox v. Barnhart*, 345 F.3d 606, 609 (8th Cir. 2003)).

It is also unclear how Dr. Houchin's opinion is inconsistent with the opinions of other medical and non-medical sources. The ALJ did not cite any specific records that are inconsistent with Dr. Houchin's opinion or specify how, or which, other evidence contradicts Dr. Houchin's opinion. "Absent some explanation for finding an inconsistency where none appears to exist, [the court] will not fill in the gaps for the ALJ." *Lucus*, 2020 WL 2892228, at *3 (internal quotations omitted).

The Commissioner contends that the ALJ's failure to discuss or specify the weight assigned to Dr. Houchin's opinion is harmless error. (Doc. No. 18 at p. 7) This argument addressing the <u>weight</u> of the treating physician's opinion erroneously applies the regulations for claims filed before March 27, 2017. Even if the Commissioner had properly raised a "harmless error" argument, the ALJ's error was not harmless. "An error is harmless when the claimant fails to provide some indication that the ALJ would have decided differently if the error had not occurred." *Lucus,* 2020 WL 2892228, at *3 (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)) (internal quotations omitted).

The VE testified that having to take two additional breaks on a regular basis would preclude performance of the jobs of storage facility rental clerk and price tag ticketer. (Tr. at 61) Given Dr. Houchin's opinion that Ms. Phillips would need frequent rest periods, the Court "cannot determine whether the ALJ would have reached the same decision denying benefits, even if she had followed the proper procedure for considering and explaining [Dr. Houchin's] opinion." *Lucus*, 2020 WL 2892228, at *3 (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003)).

Further, the ALJ did not articulate or explain the persuasiveness of the non-examining state agency medical consultants (MCs). The opinions issued by the MCs are "prior administrative medical findings" and subject to the same articulation requirements in § 404.1520c. See SSR 17-2p ("At subsequent levels of the administrative review the MCs' or PCs' administrative medical findings made at the initial or reconsideration levels are prior administrative findings…adjudicators must consider them and articulate how they considered them in the decision") (citing 20 C.F.R. § 404.1520c). Here, the ALJ erroneously applied the old regulations instead and gave the MCs' opinions "some weight." (Tr. at 18) The ALJ committed legal error by failing to "explain" her decision as required by 20 C.F.R. § 404.1520c. Accordingly, remand is warranted.

2. *Credibility/Consistency*

Ms. Phillips further argues that the ALJ erred by failing to consider her prior work history in assessing her subjective complaints of pain. "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

The ALJ is not required to discuss each *Polaski* factor and the Court "will defer to credibility determinations that are supported by good reasons and substantial evidence." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). A case may be remanded,

7

however, if the ALJ's credibility analysis is cursory or incomplete. See, e.g. *Smith v. Comm'r, Soc. Sec. Admin.*, 738 F. App'x 889 (8th Cir. 2018); *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir.2000). The ALJ's credibility analysis here was flawed.

First, Ms. Phillips has a long work history that the ALJ failed to consider. "A long and continuous past work record with no evidence of malingering is a factor supporting credibility of assertions of disabling impairments." *Smith*, 738 F. App'x at 892. Ms. Phillips began working in 1984, when she was 16 or 17 years old, and continued working with no significant gaps in her work history until January 2017, the date of her alleged disability. (Tr. at 178) Ms. Phillips testified that she had to stop working because of pain, which was confirmed in letters written by two of her previous supervisors. (Tr. at 40, 334-335)

Further, Dr. Hobby, the Commissioner's consultative examiner, found Ms. Phillips to be cooperative with "no indicators of symptom exaggeration" or "indication of actual malingering." (Tr. at 453-454) Dr. Hobby also noted that Ms. Phillips displayed indications of pain while sitting with her legs on a chair. (Tr. at 448)

The ALJ primarily cited to Ms. Phillips' daily activities to discount her subjective complaints of pain. Ms. Phillips reported that she had no issues attending to her personal care. (Tr. at 274) She was able to prepare her own meals, do household chores, drive, shop in stores, and attend church. (Tr. at 275-277) The ALJ's review of Ms. Phillips' daily activities, however, was cursory. The ALJ did not mention that Ms. Phillips is only able to drive short distances; she only grocery shops once every two weeks for about an hour; and she has to clean so slowly that it may take her two weeks or longer to clean the

entire house. The ability to do some activities of daily living does not mean that a claimant is able perform full-time competitive work. *Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995). Ms. Phillips had to carry on with her life in spite of her various impairments, and it is conceivable that her activities complicated her illness. See *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) ("the fact that Draper tries to maintain her home and does her best to engage in ordinary life activities is not consistent with her complaints of pain, and in no way directs a finding that she is able to engage in light work"); see also *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989). Because the ALJ's credibility determination was incomplete, or otherwise cursory, remand is necessary for further development of the record.

**IV.     Conclusion:**

The ALJ did not explain her decision, as required by Commission regulations, and failed to properly evaluate the evidence related to Ms. Phillips' subjective complaints of pain. The decision is hereby reversed, and the case remanded with instructions for further review consistent with this opinion.

IT IS SO ORDERED, this 24th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE